**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEDALYA KOHN, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> CENTRAL CREDIT SERVICES, LLC <br><br> Defendants. | Civil Case Number: <br><br> **<u>CIVIL ACTION</u>** <br> **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff GEDALYA KOHN, (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Law Office of Alan J. Sasson, P.C., against Defendant CENTRAL CREDIT SERVICES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## <u>NATURE OF THE ACTION</u>

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>") which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Defendant is a collection agency with its principal office located in Ramsey, New Jersey.

8.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the  Defendant attempting to collect an obligation owed to or allegedly owed to American Express, that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of

2

persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO KIRILL BEREZOVSKI

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection

Letter to Plaintiff seeking to collect an unpaid tuition balance allegedly owing to Department Store National Bank.

15. On or around January 24, 2016, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Defendant's January 24, 2016 Collection Letter provides that the amount due was $3,937.43.

19. Defendant's January 24, 2016 Collection Letter further states: "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations."

20. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with American Express ("AMEX").

21. Upon information and belief, Plaintiff's account with AMEX was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

22. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or other charges.

23. Rather, upon information and belief, Defendant subtly pressed the least sophisticated consumer, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid these non-existent fees subject to such "timing and system limitations."

24. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

25. Defendants could have taken the steps necessary to bring its actions within compliance with

the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

26. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

**First Count**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

29. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

30. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above was "subject to timing and system limitations." As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

31. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Second Count**
**15 U.S.C. §1692g et seq.**
**Validation of Debts**

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Pursuant to 15 USC §1692g, a debt collector:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
(4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Defendant violated 15 USC §1692g by failing to accurately state the balance of the debt by implying that the balance may change due to "timing and system limitations."

35. As a result of Defendant's action, Plaintiff and the least sophisticated consumer could reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount and uncertain of her rights.

36. Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated consumer would not know the exact amount due and owing, as required by 15 USC §1692g(a)(1), where the Collection Letter falsely implying that the amount due is "subject to timing and system limitations."

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Third Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 37" herein with the same force and effect as if the same were set forth at length herein.

39. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

40. Said letter stated in pertinent part as follows: "Charges or fees accrued since charge-off: $0.00."

41. The notification of said "Charges or fees accrued since charge-off: $0.00" is unlawful.

42. Defendant did not have any legal basis for adding a "Charges or fees accrued since charge-off" onto Plaintiff's alleged debt.

43. The least sophisticated consumer could be led to believe that although there are no "Charges or fees" at the time he received said letter, he may be liable to same in the near future.

44. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to compensation for "Charges or fees."

45. Defendant was not entitled to impose "Charges or fees" as a permissible fee that a creditor may charge in connection with a consumer credit transaction. *Tylke v. Diversified Adjustment Service, Inc*., No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer"

would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

46. Said language can be reasonably read to have two or more different meanings, one of which is false. *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S*., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

47. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

48. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

49. The said letter is a standardized form letter.

50. Defendant's January 24, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of

compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 14, 2016

Respectfully submitted,

By:___/s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Alan J. Sasson*_____
Alan J. Sasson, Esq.

Dated: March 14, 2016